IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DOUGLAS GENE MAYBERRY,           )
                                 )
        Petitioner,              )
                                 )
    v.                           )          Civil Action No. 3:00cv1043-TMH
                                 )                    (WO)
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.              )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Douglas Gene Mayberry ("Mayberry") is before this court on a pleading he styles as

a "Motion to Void Judgment Pursuant to Fed.R.Civ.P 60(b)(4)."  Doc. No. 9.  By this

motion, Mayberry challenges his conviction and sentence imposed by this court in 1997 for

laundering the money proceeds of a drug conspiracy.  For the reasons that follow, the court

construes Mayberry's pleading as a successive motion for relief under 28 U.S.C. § 2255 and

concludes that he is not entitled to any relief.

## I.   BACKGROUND

An indictment returned in March 1996 charged Mayberry and several codefendants

with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§

841(a)(1) & 846 (Count I), and money laundering the proceeds of that conspiracy, in

violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Count II).[1]  On December 18, 1996, a jury found

---

[1] *United States v. Mayberry*, Case No. 3:96cr51-TMH.  A third count of the indictment charged
Mayberry under the criminal forfeiture statute.  The forfeiture count was dismissed on motion of the
(continued...)

Mayberry guilty on both counts.  Mayberry was sentenced in March 1997 to 292 months on the conspiracy count and 240 months for money laundering, the sentences to run concurrently.  Mayberry appealed, and on May 10, 1999, the Eleventh Circuit affirmed his convictions and sentence.[2]

On August 4, 2000, Mayberry filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 challenging his drug conspiracy and money laundering convictions. *See* Doc. No. 748 - Case No. 3:96cr51-TMH.  The district court denied the § 2255 motion, deciding all claims adversely to Mayberry.  Doc. Nos. 929 & 930 - Case No. 3:96cr51-TMH. Mayberry appealed that decision to the Eleventh Circuit, which affirmed the district court's judgment.  *Mayberry v. United States*, 156 F. App'x 265 (11th Cir. 2005).[3]

On September 7, 2006, Mayberry filed in this court a pleading he styled as a motion for relief under Fed. R. Civ. P. 60(b)(4), wherein he attacked his conviction and sentence

---

[1](...continued)
Government prior to trial.

[2] *United States v. Pruitt*, 174 F.3d 1215, 1221, *rehearing denied en banc*, 192 F.3d 132 (11th Cir. 1999), *cert. denied*, *United States v. Mayberry*, 528 U.S. 1178 (2000).  The appeal *sub nom Pruitt* involved the direct appeals of Mayberry and several of his codefendants.

[3] In the § 2255 motion, Mayberry claimed that Count II of his indictment suffered from a jurisdictional defect, because it charged multiple financial transactions as a single, continuing criminal money laundering offense under 18 U.S.C. § 1956(a)(1)(A)(i).  He argued that the defect rendered Count II duplicitous and his money laundering conviction invalid.  The magistrate judge's Recommendation found that the defect rendered Count II void.  However, the district court expressly rejected this part of the magistrate judge's Recommendation.  In his appeal from the district court's denial of the § 2255 motion, Mayberry framed this issue as a jurisdictional claim.  The Court of Appeals held that the claim lacked merit, stating that the alleged defect in Count II raised, at most, duplicity concerns and did not amount to a jurisdictional defect undermining the money laundering conviction.

for money laundering, arguing that the count of the indictment charging him with that offense was fatally defective. *See* Doc. No. 2 - Civil Action No. 3:06cv841-TMH. Because that motion attacked the fundamental validity of Mayberry's money laundering conviction, this court characterized the motion as one seeking relief pursuant to 28 U.S.C. § 2255. Because Mayberry had failed to obtain precertification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion, this court then summarily dismissed his § 2255 motion. Doc. Nos. 3, 5 & 6 - Civil Action No. 3:06cv841-TMH.[4]

On April 28, 2008, Mayberry filed in this court a pleading he styled as a "Motion to Void Judgment," in which he again invoked Fed. R. Civ. P. 60(b)(4) as a vehicle for challenging his money laundering conviction. *See* Doc. No. 2 - Civil Action No. 3:08cv340-TMH. Because once again Mayberry was attacking the fundamental validity of his money laundering conviction, this court characterized the motion as one seeking relief pursuant to 28 U.S.C. § 2255. And because Mayberry had again failed to obtain precertification from the Eleventh Circuit authorizing this court to consider a successive § 2255 motion, this court dismissed the § 2255 motion. Doc. Nos. 3, 5 & 6 - Civil Action No. 3:08cv340-TMH

As noted, Mayberry is before this court again with yet another motion filed under the

---

[4] Mayberry's subsequent motion for certificate of appealability and motion for leave to appeal *in forma pauperis* were denied by the district court on grounds that the proposed appeal was without legal or factual basis and was not taken in good faith. *See* Doc. No. 10 - Civil Action No. 3:06cv841-TMH. Mayberry was equally unsuccessful when seeking a certificate of appealability from the appellate court. *Id*., Doc. Nos. 11 & 12.

auspices of Fed. R. Civ. P. 60(b)(4).

## II.  DISCUSSION

In the instant Motion to Void Judgment Pursuant to Fed. R. Civ. P. 60(b)(4), Mayberry contends that the Eleventh Circuit's 2005 judgment affirming this court's denial of his first § 2255 motion (i.e., the one he filed in August 2000) amounted to a "clear usurpation of judicial power" and is therefore "due void."   Doc. No. 9 at 6-12. Consequently, he asks this court to grant his Rule 60(b)(4) motion and to "void the Court of Appeals' judgment affirming the Court's denial of his first § 2255 motion and issue an order for resentencing."  Doc. No. 9 at 12.  Apart from presenting specious legal arguments as to why this court has authority to set aside the judgment of the appellate court, the whole of Mayberry's instant motion consists of his rehashing of arguments he presented in his previous collateral attacks on his money laundering conviction, and which have been rejected by both this court and the Eleventh Circuit.  Not only is it manifestly beyond the authority of this court to review rulings by the Court of Appeals, *see Butcher v. United States*, 368 F.3d 1290, 1299-1300 (11th Cir. 2004),[5] but this court is without jurisdiction to consider claims presented by Mayberry in what constitutes yet another successive § 2255 motion.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that where a motion designated by the movant as a Rule 60(b) motion either (1) challenges a federal

---

[5] *See also, e.g., United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005).

court's previous ruling as to a habeas claim that "precluded a merits determination [of that claim] . . . – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," or (2) actually "attacks, not the substance of the federal court's resolution of a [habeas] claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is a proper Rule 60(b) motion, and the district court need not obtain the precertification from the Court of Appeals that is ordinarily required for a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532 & 532 n.4; *see* 28 U.S.C. § 2244.[6]  Nevertheless, the Supreme Court in *Gonzalez* drew a sharp distinction between motions pointing to an erroneous ruling by the habeas court that precluded a merits determination or asserting some defect in the integrity of the federal habeas proceedings and motions seeking to vacate habeas judgments in order to relitigate or add claims that, at bottom, attack the legality of a petitioner's conviction and sentence. *See id*. at 531-32.  Only the former are properly pursued through Rule 60(b); the latter are not.[7]  As the Court

---

[6] The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

[7] *Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief.  However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987).  Moreover, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 (continued...)

explained, "[u]sing Rule 60(b) to present new claims for relief from a . . . judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id*. at 531. Thus, the Court held that a nominal Rule 60(b) motion is in effect a second or successive habeas petition when it "seeks vindication of" or "advances" one or more "claims." *Id*. at 531-32. "A motion can . . . be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits."[8] *Id*. at 532.

Mayberry's argument challenging an alleged jurisdictional defect in Count II of the indictment is clearly an attack on his conviction of that count; it is also an argument that has been repeatedly presented by Mayberry and rejected by the courts that have considered it. By once again challenging the validity of Count II of his indictment, Mayberry is reasserting a claim that has already been resolved on the merits in previous habeas proceedings.[9] Accordingly, regardless of Mayberry's own labeling of the instant motion, this court

---

[7](...continued)
and § 2254 habeas proceedings. *See El-Amin v. United States*, 172 F. App'x 942 (11th Cir. 2006); *United States v. Terrell*, 141 F. App'x 849 (11th Cir. 2005).

[8] It is well settled that "Rule 60(b) simply does not provide for relief from judgment in a criminal case." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (internal quotations and citation omitted).

[9] As noted, not only has this court previously rejected Mayberry's claim that Count II of his indictment is invalid, but the claim was specifically rejected by the Eleventh Circuit in Mayberry's appeal from the denial of his original § 2255 motion. *See Mayberry v. United States*, 156 F. App'x 265 (11th Cir. 2005).

concludes that his motion is of the same legal effect as, and should be construed as, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

Treating the instant motion as one under 28 U.S.C. § 2255, the motion is therefore a successive § 2255 motion. The pleadings and documents in this case reflect that Mayberry has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. Therefore, this court lacks the jurisdiction to consider Mayberry's present motion, and the motion is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Mayberry's 28 U.S.C. § 2255 motion (Doc. No. 9) be denied and this case dismissed, as Mayberry has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that on or before **April 11, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

7

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 28th day of March, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE